IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

DOCKET NO.: 5:86-CR-31-001BR

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) AGREED ORDER FOR PAYMENT |
| | ) |
| PETER JOHN QUIMBY, | ) |
| | ) |
| Defendant, | ) |

The parties, the United States of America, and the judgment defendant, agree and stipulate as follows:

1. The judgment defendant, social security number, and address are: Peter John Quimby, xxx-xx-0612, Wilson, North Carolina 27893-1843.

2. A Judgment was entered against the judgment defendant, Peter John Quimby, in this action on October 15, 1986. The total balance due on the Judgment is $18,611.81 as of July 24, 2012.

3. The judgment defendant waives services of Notice of the Application for this Order of payment pursuant to the Federal Debt Collection Procedures Act of 1990 (FDCPA) and any other process to which the judgment defendant may be entitled under the FDCPA.

4. The parties therefore agree and stipulate to the entry of this Agreed Order for Payment against the judgment defendant. It

is expressly agreed and stipulated to by the parties that the defendant shall pay to the United States the total sum of $200.00 per month. Said monthly payments shall begin on August 25, 2012 and continue for each month until July 25, 2013. Beginning August 25, 2013, said monthly payments will increase to $300.00 per month and continue for each month until July 25, 2014. Beginning August 25, 2014, said monthly payments will increase to $400.00 per month and continue for each month thereafter until the debt is either paid in full or re-evaluated by the U. S. Attorney's Office. Checks should be made payable to the:

U. S. District Court

and mailed to the:

U. S. District Court
P. O. Box 25670
Raleigh, North Carolina 27611

5. Nothing in this agreement prevents the plaintiff from pursuing administrative offsets, including that by Internal Revenue Service, and the judgment defendant specifically consents to the offset. Any payments applied to this claim as a result of an offset will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

6. The judgment defendant hereby knowingly waives any rights that he may have under 28 U.S.C. § 3205(c)(9) to any automatic accounting. In the event the above recovery is not sufficient to

pay the debt in full, the U.S. shall be entitled to pursue any and all remedies to collect such debt as are allowed by law.

APPROVED AND SO ORDERED this __24__ day of __July__, 2012.

_____
Senior United States District Judge


CONSENTED TO:

(FOR) _____  DATE: 7/24/12
G. NORMAN ACKER, III
Assistant United States Attorney

_____  DATE: 7/24/12
PETER JOHN QUIMBY
Judgment Defendant